UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMAAL CURRY JOHNSON, | ) |
| Movant, | ) |
| vs. | ) Case No. 4:14-CV-1929 (CEJ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court upon the motion of Jamaal Curry Johnson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

**I. Background**

On May 30, 2012, a jury found Johnson guilty of conspiracy to distribute and to possess with intent to distribute cocaine base, MDMA, BZP, and marijuana, in violation of 21 U.S.C. § 846 and § 841(b)(1)(C) (Count 1); conspiracy to use and carry firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and (o) (Count 2); possession of a firearm in furtherance of a drug trafficking crime resulting in death, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (j) (Count 3); possession of a firearm discharged in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and (c)(1)(C)(ii) (Count 4); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and §

924(a)(2) (Count 5). He was sentenced on September 27, 2012 to an aggregate term of imprisonment of 240 months. The judgment was affirmed on appeal. *United States v. Johnson, 737 F.3d 522 (8th Cir. 2013)*.

## II. Discussion

In the instant motion to vacate, Johnson asserts that he was denied effective assistance of counsel and that there was insufficient evidence to sustain his conviction. The government maintains that the ineffective assistance claims are without merit and that the challenge to the sufficiency of the evidence is procedurally barred.

### A. Ineffective Assistance of Counsel

Johnson claims that his attorney's performance was, in a number of respects, constitutionally deficient. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In *Strickland*, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the

2

> circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. at 694*. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. *United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)*.

Johnson first asserts that he was denied effective assistance of counsel as a result of his attorney's failure to challenge the sufficiency of the superseding indictment with respect to Count 1. In the memorandum in support of the motion to vacate, Johnson argues that the Count 1 was defective because it included language—"did knowingly and intentionally combine, conspire, confederate and agree"—that does not appear in 21 U.S.C. § 846. Had defense counsel moved to dismiss Count 1 as facially insufficient, he would not have succeeded. The allegations in Count 1 set forth specific facts constituting the charged offense. *See United States v. Huggans*, 659 F.3d 1210, 1218 (8th Cir. 2011) (indictment

charging violation of 21 U.S.C. § 846 which contained facts supporting all of the essential elements of the offense was sufficient). Moreover, it cannot be said (and Johnson does not contend) that the allegations were insufficient to notify Johnson of the charge against him. *See United States v. Mann, 701 F.3d 274, 288 (8th Cir. 2012)* (indictment is sufficient if it contains all elements of the offense, fairly informs the defendant of the charges he must defend against, and contains sufficient information to allow the defendant to plead a conviction or acquittal as a bar to a subsequent prosecution). Thus, even if defense counsel's failure to challenge the facial sufficiency of the indictment could be deemed performance below an objective standard of reasonableness, Johnson suffered no prejudice.

Further, Johnson cannot show that the outcome of the proceedings would have been different if defense counsel had moved to strike the alleged surplusage in Count 1. At best, a motion to strike would have resulted in removing the language Johnson complains of—the prosecution of the offense charged in Count 1 would have continued. Additionally, the indictment was not submitted to the jury, either as an exhibit or as part of the instructions. Thus, the jury's deliberations and verdict could not have been influenced by the alleged surplusage in Count 1.

In the reply in further support of his motion to vacate, Johnson contends that his attorney's failure to object to object to a constructive amendment of Count 1 at trial constitutes deficient performance. Specifically, he argues that "he was charged with one thing, but the jury was instructed on another." *Reply at p.* 3 [Doc. # 8]. This argument lacks merit. Count 1 charged Johnson with conspiring with

4

other individuals to "distribute and possess with intent to distribute" cocaine base, MDMA, BZP, and marijuana. At trial, however, the jury was instructed only on the charge of conspiring to "distribute" cocaine base, MDMA, BZP, and marijuana. "A constructive amendment occurs when the essential elements of the offense as charged in the indictment are altered in such a manner—often through the evidence presented at trial or the jury instructions—that the jury is allowed to convict the defendant of an offense different from or in addition to the offenses charged in the indictment." *United States v. Whirlwind Soldier*, 499 F.3d 862, 870 (8th Cir. 2007). The government's decision to proceed only on the conspiracy-to-distribute charge did not constitute a constructive amendment, because the charge submitted to the jury did not differ from the charge included in the offense alleged in Count 1. An objection by defense counsel would not have succeeded and, therefore, Johnson was not prejudiced.

Johnson next complains of his attorney's failure to challenge the admission of certain evidence at trial. He contends that "[t]he only 'facts' established at trial that allegedly proved [his] involvement in a conspiracy relied only on testimony from witnesses with a huge incentive to testify against [him]." *Memorandum at p. 9 [Doc. # 1-1]*. He also contends that defense counsel should have objected to the admission of evidence of his involvement in a "gang." Among other things, the jury was given instructions on how to assess the credibility of witnesses in general and the credibility of specifically-named witnesses who had cooperated with the government or had participated in the conspiracy or had prior felony convictions.

Johnson does not point to any further instructions his attorney could have offered, nor does he identify any legal grounds for excluding the witnesses' testimony. As to the testimony regarding Johnson's involvement in a gang, Johnson argued on direct appeal that "evidence of an 'amorphous neighborhood organization' was improperly admitted and thus insufficient to prove a conspiracy." *Johnson, 737 F.3d at 524*. After reviewing the argument, the court of appeals concluded that "[t]he admission of this evidence was not an error, much less an obvious error" and that the evidence was sufficient to support the verdict. *Id. at 525*. Johnson cannot demonstrate that he was prejudiced by his attorney's failure to object to the evidence at trial.

Johnson is not entitled to relief on his claims of ineffective assistance of counsel.

### B. Sufficiency of the Evidence

Johnson's final claim is that the evidence presented at trial was insufficient to prove the conspiracy charge in Count 1. He does not challenge the sufficiency of the evidence to sustain his conviction on the remaining charges. The issue of sufficiency of the evidence was reviewed *de novo* by the court of appeals and was decided adversely to Johnson. *Id.* A claim that was presented and decided on direct appeal, cannot be relitigated in a proceeding under § 2255. <u>Bear Stops v. United States</u>, 339 F.3d 777, 780 (8th Cir. 2003); <u>United States v. Holtzen</u>, 718 F2d 876, 878 (8th Cir. 1983).

Johnson is not entitled to relief on this claim.

## III. Conclusion

For the reasons discussed above, the Court concludes that motion and the files and records of this case conclusively show that Johnson is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts his motion to vacate. Therefore, the motion will be denied without a hearing. *See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)*. Additionally, the Court finds that Johnson has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An appropriate order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of April, 2017.